ETIONY ALDARONDO GALVÁN, Miembro de la Junta Estatal de Elecciones en representación del Partido del Pueblo, apelante, *v.* JUNTA ESTATAL DE ELECCIONES DE PUERTO RICO, GILBERTO GIERBOLINI, SUPERINTENDENTE GENERAL DE ELECCIONES, apelada.

*Número:* 28    *Resuelto:* 28 de noviembre de 1972

*Flavio Cumpiano,* abogado del apelante y del Partido del Pueblo; *Arcilio Alvarado,* abogado del Partido Popular Democrático; *Luis A. Rivera Lacourt,* abogado del Partido Independentista Puertorriqueño; *Ángel Viera Martínez,* abogado del Partido Nuevo Progresista; y *J. F. Rodríguez Rivera, Procurador General Interino,* abogado de la Junta Estatal de Elecciones, apelada.

DECISIÓN DEL JUEZ PRESIDENTE INTERINO SEÑOR PÉREZ PIMENTEL.

En su sesión del día 15 de noviembre de 1972, la Junta Estatal de Elecciones decidió que aquellas papeletas electorales marcadas con una cruz debajo de la insignia del Partido Popular Democrático y además con otra cruz o marca en el rectángulo en blanco que queda inmediatamente debajo del rectángulo en que aparece impreso el nombre del candidato a Representante por Acumulación del Partido del Pueblo, Sr. Roberto Sánchez Vilella, no podrán ser consideradas como votos a favor de dicho candidato Sr. Sánchez Vilella pero si como votos a favor de la candidatura íntegra del Partido Popular Democrático.

De esta decisión apeló para ante el Juez Presidente Interino, el representante del Partido del Pueblo ante la Junta Estatal de Elecciones.

En su comparecencia ante nos, la Junta Estatal de Elecciones, además de sostener su decisión, ha solicitado la desestimación del recurso, alegando que éste no está autorizado

por ley. El Partido Nuevo Progresista y el Partido Independentista sostienen el criterio de la Junta sobre la improcedencia del recurso.

■ Debe desestimarse el planteamiento. La Ley Electoral, especialmente en sus Secs. 13 y 19 (16 L.P.R.A.) constituyen suficiente autoridad para sostener la procedencia de la apelación interpuesta por el Partido del Pueblo. La propia Sec. 19 se encarga de establecer que el recurso de apelación interpuesto contra una decisión de la Junta Estatal no suspenderá, paralizará, impedirá o en forma alguna obstaculizará el escrutinio general que es el que en estos momentos practica la Junta Estatal. De ello se concluye que no empece el hecho de la apelación, el escrutinio general sigue su curso, y que de no ser apelable para ante el Juez Presidente ninguna decisión tomada por la Junta durante el proceso del escrutinio general, carecería de significado la disposición legal antes citada al efecto de que la apelación no suspenderá ni paralizará u obstaculizará el escrutinio general.

■ No se nos ha señalado por las partes que sostienen la improcedencia de este recurso, cuales son aquellas decisiones hechas por la Junta Estatal de Elecciones durante el proceso del escrutinio general que sean apelables para ante el Juez Presidente del Tribunal Supremo. Opinamos que la forma de hacerse la adjudicación de la papeleta electoral objeto de la decisión apelada, fue una cuestión sometida a la consideración de la Junta Estatal de Elecciones y como no recibió la unanimidad de votos a que se refiere la Sec. 13 del Título 16 de las Leyes de Puerto Rico Anotadas, la cuestión fue decidida por el Sr. Superintendente General de Elecciones, considerándose su decisión como la decisión de la Junta Estatal de Elecciones, de la cual puede apelarse en la forma provista en la Sec. 19 del indicado Título 16 de L.P.R.A. y que como ya sabemos es una apelación que se interpone para ante el Juez Presidente del Tribunal Supremo.

En aras de la brevedad nos abstenemos de exponer otros argumentos en contra de la solicitud de desestimación del recurso.

A nuestro requerimiento la Junta Estatal ha elevado con el récord una fotocopia de una de las papeletas electorales objeto de la decisión apelada.

Esta papeleta tiene siete columnas verticales separadas unas de otras por una gruesa línea negra. En cada columna, excepto en la dedicada a los candidatos independientes, figuran de arriba hacia abajo la insignia de cada uno de los seis partidos políticos que concurrieron a las últimas elecciones generales. Debajo de las insignias de los partidos aparece el nombre del Partido y le siguen los nombres de candidatos a Gobernador, a Comisionado Residente de los Estados Unidos, Senadores por el Distrito, Representantes por el Distrito, alcalde y asambleístas municipales. Le siguen hacia abajo los espacios para los Senadores por acumulación y finalmente en la parte inferior de la papeleta, siguen los espacios o encasillados para Representante por acumulación.

De suerte que la papeleta electoral está dividida verticalmente en tres partes o secciones. En la primera de arriba hacia abajo figuran los candidatos generales ya antes mencionados. En la segunda sección figuran los candidatos a Senadores por Acumulación, en la tercera, que es la parte inferior de la papeleta, figuran los candidatos a Representantes por Acumulación. Es fácilmente notable la división vertical y horizontal de la papeleta.

La papeleta que estamos considerando aparece marcada con una cruz debajo de la insignia del Partido Popular Democrático y con otra cruz debajo del nombre del Sr. Roberto Sánchez Vilella pero en otro encasillado en blanco. En la columna o espacio vertical donde figuran todos los candidatos del Partido del Pueblo y debajo del encasillado "Representantes por Acumulación" figura impreso únicamente el nombre del Sr. Sánchez Vilella y debajo de su

nombre siguen cinco encasillados en blanco. En el primero de ellos, que sigue inmediatamente al nombre de Roberto Sánchez Vilella, fue que el elector marcó una cruz.

La Ley Electoral dispone que el elector podrá designar el candidato para Senador o Representante por acumulación de la manera siguiente: votando la candidatura íntegra del partido, en cuyo caso se entenderá que su intención fue votar por el nombre del candidato que para dichos cargos figure en primer término en el orden impreso de la papeleta electoral, aunque no marque al lado de la insignia o divisa del candidato, pudiendo también demostrar su intención de votar por otro candidato para Senador o para Representante por acumulación, cuando, además de marcar la papeleta electoral, hace alguna cruz o señal al lado del nombre, de la divisa o insignia de un candidato para Senador o Representante por acumulación, en cuyo caso, esta señal se entenderá como que el candidato así marcado, fue la intención del elector votarlo solamente para dicho cargo o cargos. 16 L.P.R.A. sec. 220 (c).

Si aplicamos rigurosamente determinados apartados de la ley, ciñéndonos a su letra, el acuerdo apelado de la Junta Estatal podría sostenerse. Esto nos llevaría a una interpretación restrictiva del derecho al voto. La propia ley, en la sección arriba citada, dispone: "En cualquier caso de duda, deberá tenerse como eficaz el señalamiento de la papeleta de tal manera que siempre que resulte en cualquier forma la intención del votante, aun cuando aparezca defectuosamente el señalamiento, la papeleta será válida y eficaz."

■ Puede concederse que la papeleta que examinamos aparece defectuosamente marcada bajo el nombre del candidato a Representante por acumulación, Sr. Sánchez Vilella. Sin embargo, considerando que la marca se hizo en la columna del Partido del Pueblo, que esta columna está separada de las de los otros partidos que figuran a sus lados izquierdo y derecho, por una gruesa línea negra de un octavo de

pulgada de ancho, y que debajo del nombre impreso de Roberto Sánchez Vilella no figura el nombre de ningún otro candidato, nos parece que resulta que la intención del votante fue votar por dicho candidato para Representante por acumulación. Esa intención debe prevalecer y la papeleta debe considerarse válida y eficaz como un voto a favor del Sr. Sánchez Vilella para Representante por acumulación y a favor de los restantes candidatos que figuran en la columna del Partido Popular Democrático.

Al así resolverlo estamos rechazando la posición asumida por el Partido Independentista Puertorriqueño y el Partido Nuevo Progresista al efecto de que la papeleta electoral en controversia es nula porque el elector marcó candidatura íntegra en las candidaturas de más de un partido cuyos candidatos son totalmente diferentes. 16 L.P.R.A. sec. 220 (a).

■ Si bien es cierto que la indicada Sec. 220 (a) dispone que el elector puede también votar por la candidatura íntegra de un solo partido haciendo una cruz o línea de cualquier dimensión y forma ". . . en cualquier espacio en la columna correspondiente a dicho partido, excepto dentro de los espacios que están a la derecha o izquierda de los nombres de los candidatos;" ello no significa, a nuestro juicio, que necesariamente toda marca hecha en cualquier espacio en la columna correspondiente a un partido, es un voto para la candidatura íntegra de ese partido, si se considera el historial legislativo de dicha disposición.

Debemos hacer constar que en la papeleta electoral que estamos examinando en este recurso, prácticamente no se dejó espacio alguno a la derecha o izquierda del nombre y divisa del único candidato a Representante por Acumulación por el Partido del Pueblo, resultando en su consecuencia, defectuosamente impresa la papeleta electoral, si es que fuere aplicable el aludido inciso (a) de la Sec. 220. Es muy probable que a ello se deba que algunos electores, al votar por el

Sr. Sánchez Vilella, hayan marcado la papeleta en el espacio o rectángulo en blanco que sigue inmediatamente debajo de su nombre.

Este no es el caso en que el elector haya querido votar y haya votado la candidatura íntegra de dos partidos políticos. Votó por todos los candidatos del Partido Popular Democrático, excepto el candidato a Representante por Acumulación, haciendo una cruz debajo de la insignia de dicho Partido, y además votó por el Sr. Sánchez Vilella marcando la papeleta en la forma ya explicada.

*Así deben adjudicarse las papeletas electorales que motivan este recurso.*

Notifíquese a la Junta Estatal de Elecciones y a sus miembros individualmente.

(Fdo.) Pedro Pérez Pimentel
*Juez Presidente Interino*

Certifico:

(Fdo.) José L. Carrasquillo
*Secretario*